**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TEXAS PUBLIC POLICY FOUNDATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:22-CV-01208-DAE |
| | § | |
| THE UNITED STATES DEPARTMENT | § | |
| OF STATE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant the United States Department of State (the "Department") files this Reply in Support of its Cross-Motion for Summary Judgment (Dkt. 19). Plaintiff Texas Public Policy Foundation's ("TPPF") Response (Dkt. 21) fails to raise a triable issue of fact to counter the evidence that the Department (1) adequately searched for records responsive to TPPF's FOIA request and (2) properly applied redactions consistent with statutory FOIA exemptions. The Department has satisfied its summary judgment burden under FOIA and respectfully requests that the Court grant its Cross-Motion for Summary Judgment (Dkt. 19).

**ARGUMENT**

**I.    The Department Conducted an Adequate Search.** [1]

The question of search adequacy in this case centers on the Department's search for records related to the Special Presidential Envoy for Climate, John Kerry. Dkt. 17 at 17-20. TPPF

---

[1] In its Motion (Dkt. 17) and its Combined Reply and Response (Dkt. 19), TPPF frames the adequacy of the Department's search as the secondary issue for the Court to address. But in FOIA cases, search adequacy is a threshold issue. Accordingly, in this Reply, the Department will address search adequacy first.

contends that the Department was required to search the Special Envoy Kerry's personal Gmail account to satisfy its burden. But TPPF's argument misstates the framework applied by courts when considering search adequacy and nongovernmental email accounts articulated in *Democracy Forward Foundation v. United States Department of Commerce*, 474 F. Supp. 3d 69, 74 (D.D.C. 2020). There, the United States District Court for the District of Columbia explained:

> "[A]gency records"—even those stored on a personal email account—are subject to FOIA. . . . "[A]n agency always acts through its employees and officials. If one of them possesses what would otherwise be agency records, the records do not lose their agency character just because the official who possesses them takes them out the door or because he is the head of the agency."

> Federal law prohibits federal officials from "creat[ing] or send[ing] a record using a non-official electronic messaging account" **unless they "cop[y] an official electronic messaging account of the officer or employee in the original creation or transmission of the record"** or "forward[ ] a complete copy of the record to an official electronic messaging account of the officer or employee not later than 20 days after the original creation or transmission of the record." 44 U.S.C. § 2911(a). **Government officials are "presumed to have properly discharged the duty to forward official business communications from a personal email account to an official email account."** . . . But a plaintiff can **overcome this presumption with evidence that "rebut[s] agency affidavits with something more than pure speculation."**

*Id.* (citations omitted) (emphasis added). In *Democracy Forward Foundation*, the defendant agency failed to comply with Section 2911(a) because it failed to copy an official electronic messaging account or forward a complete copy of the record to an official electronic messaging account. *Id.* Thus, the defendant was not entitled to the presumption of compliance and was required to conduct additional searches involving nongovernmental emails. *Id.*

In contrast, here, there is no evidence that any Department employees failed to properly discharge the duty to copy an official account or forward official business communications from a personal email account to an official email account. Here, the only example that TPPF presents

in its Motion (Dkt. 17 at Ex. H) is a single email message sent to both Special Envoy Kerry's Gmail account *and* his official email account:



*See* Dkt. 17-1 at Exhibit H.

The above email complies with Section 2911(a) and therefore fails to rebut the presumption. That Special Envoy Kerry used his Gmail account is not, alone, sufficient to rebut the presumption. Rather, there must be evidence that a Department employee failed to "copy an official electronic messaging account of the officer or employee in the original creation or transmission of the record" or "forward[] . . . the record to an official electronic messaging account of the officer or employee." 44 U.S.C. § 2911(a). There is no such evidence here.

In its Response, TPPF does not dispute that a copy of the record was sent to both Special Envoy Kerry's Gmail account *and* his official email account. TPPF's Response fails to rebut the presumption of compliance with Section 2911(a)—a presumption which is further supported by both the Weetman declaration[2] and the records themselves. The Department's search for responsive records was thus adequate.

---

[2] The Department enjoys not only a presumption of compliance with regard to Section 2911(a), but also a presumption of legitimacy with regard to its declaration. *See Batton*, 598 F.3d at 179 (an agency's declarations "are generally accorded the 'presumption of legitimacy' unless there is evidence that the agency handled the FOIA request in bad faith").

II.     **The Vaughn Index and Declaration Support the Claimed FOIA Exemptions.**

"Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible'" *Wolf v. C.I.A.*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (citations omitted).  Here, the Department satisfied its summary judgment burden of providing logical and plausible bases for its claimed FOIA Exemptions: Exemption 5 and Exemption 6.

A.  **The  Department Properly Claimed Exemption 5.**

Exemption 5 excludes from disclosure "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. 552(b)(5).  In its Motion (Dkt. 17) and Response (Dkt 21), TPPF does not challenge the Department's invocation of Exemption 5.  The Department is entitled to summary judgment on this exemption.

B.  **The Department Properly Claimed Exemption 6.**

TPPF does challenge the Department's invocation of Exemption 6, which provides that an agency need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  Here the Department "withheld the information that would reveal the identities of the government officials who corresponded via email and worked on drafts of the various policy documents." Dkt. 18-3, Weetman Decl. ¶31.  The officials whose identities were withheld are career civil service employees and  mid-level  foreign  service  officers. *Id*. ¶34.   The  Department  withheld  the information under Exemption 6 because public association of a specific official with comments or edits made with the expectation of anonymity could expose the individual to unwanted and detrimental attention, particularly in the conduct of their official duties. *Id.*

"Pursuant to Exemption 6, "an agency may delete personal details within a document, provided the details to be deleted are reasonably severable and the overall privacy interests of the individual clearly outweigh the presumption of public disclosure." *Sherman v. U.S. Dep't of Army*, 244 F.3d 357, 361 (5th Cir. 2001). Importantly, though the public interest in Exemption 6 balancing has been defined narrowly, the privacy interest protected by the exemption is broader and "encompasses [an] individual's control of information concerning his or her person." *Id.*

### 1. The Records Constitute "Similar Files" Under FOIA Exemption 6.

As argued in the Department's Cross-Motion, courts have routinely held that agency records identifying employee names and email addresses constitute "personnel and medical files and similar files" covered under Exemption 6. *See Henderson v. U.S. Dep't of Just.*, 157 F. Supp. 3d 42, 50 (D.D.C. 2016); *Transparency Project v. United States Dep't of Just.*, No. 421CV00121SDJCAN, 2023 WL 2054380, at *35 (E.D. Tex. Feb. 10, 2023).[3] In its Response, TPPF fails to offer a meaningful distinction between this case and *Henderson* or *Transparency Project. See* Dkt. 21 at 6-8. TPFF focuses on the difference in titles and departments in those cases. *Id.* But the State Department career civil service employees and mid-level foreign service officers in this case are entitled to the same privacy protections afforded to the AUSAs, agency attorneys, support staff, budget officers, legal secretaries, court staff, and stenographic vendors protected in *Henderson* as well as the Department of Justice "OIG lower-level employees" protected in *Transparency Project.* That the civil servants in this case work for the State Department, as opposed to the U.S. District Court or the Department of Justice, is an immaterial

---

[3] *See also Davidson v. U.S. Dep't of State*, 206 F. Supp. 3d 178, 199 (D.D.C. 2016); *Prechtel v. Fed. Commc'ns Comm'n*, 330 F. Supp. 3d 320, 329 (D.D.C. 2018); *Bayala v. U.S. Dep't of Homeland Sec.*, 264 F. Supp. 3d 165, 178 (D.D.C. 2017).

distinction.[4]  Indeed, courts have applied Exemption 6 protection to State Department employees like the ones at issue here.  *See Davidson v. United States Dep't of State,* 206 F. Supp. 3d 178, 200 (D.D.C. 2016), aff'd, 728 F. App'x 7 (D.C. Cir. 2018) (names and contact information of State Department employees "receive[] protection under Exemption 6").  The records here constitute "similar files" and thus satisfy the threshold requirement under Exemption 6.

## 2.  The Private Interest in Withholding the Information Outweighs the Public Interest in Disclosure.

Courts routinely affirm the invocation of Exemption 6 to withhold federal employee names and email addresses, finding that the privacy interests outweigh the nominal public interest.  *See Davidson,* 206 F. Supp. 3d at 200.[5]  Indeed, as the Court of Appeals for the Fifth Circuit explained, though the public interest in Exemption 6 balancing has been defined narrowly, the privacy interest protected by the exemption is broader and "encompasses [an] individual's control of information concerning his or her person."  *Sherman*, 244 F.3d at 361. Here, the Department correctly determined that public association of a specific official with comments or edits made with the

---

[4] TPPF also improperly conflates email addresses submitted as part of "public comments on agency rulemaking" with "matters related to public policy" in connection with official duties. *See* Dkt. 21, at 9-10 (citing *Prechtel*, 330 F. Supp. 3d at 329). In *Prechtel*, "bulk submitters had ample indication that their email addresses could be made public, mitigating any expectation of privacy." 330 F. Supp. 3d at 329. Whether the email addresses and names at issue here involve "matters of public policy" does not itself overcome the privacy interest at stake in this matter.

[5] *See also Gosen v. U.S. Citizenship & Immigr. Servs.*, 75 F. Supp. 3d 279, 289 (D.D.C. 2014); *Berk v. Exec. Off. of United States Att'ys,* No. 3:18-CV-1349-M-BK, 2021 WL 1877068, at *8 (N.D. Tex. Feb. 2, 2021), report and recommendation adopted, No. 3:18-CV-1349-M-BK, 2021 WL 1866548 (N.D. Tex. May 10, 2021), aff'd, No. 21-10693, 2022 WL 17337821 (5th Cir. Nov. 30, 2022); *Transparency Project*, 2022 WL 18776191, at *26; *McCann v. United States Citizenship & Immigr. Servs.*, No. CV 22-2502, 2023 WL 4706223, at *5 (E.D. La. July 24, 2023) *Baldwin v. U.S. Dep't of Energy*, No. 18-cv-1872, 2020 WL 376563, at *4 (D.D.C. Jan. 23, 2020); *Shurtleff v. United States Envtl. Prot. Agency*, 991 F. Supp. 2d 1, 18 (D.D.C. 2013); *Hall & Assocs. v. United States Env't Prot. Agency*, No. CV 19-1095 (RC), 2020 WL 4673411, at *3 (D.D.C. Aug. 12, 2020).

expectation of anonymity could expose the individual to unwanted and detrimental attention in the conduct of their official duties and therefore "the privacy interests clearly outweigh any public interest in disclosure . . . ." Dkt. 18-3, Weetman Decl. ¶34.

The Department's withholdings here are supported by the Vaughn Index, the detailed Weetman Declaration, and the numerous courts to consider this application of Exemption 6. Dkt. 18-3, Weetman Decl. ¶31. The Department has satisfied its burden and is entitled to summary judgment on this exemption.

## CONCLUSION

In summary, the Department respectfully requests that TPPF's Motion (Dkt. 17) be denied, and instead, that the Court grant judgment in favor of the Department because the Department (1) adequately searched for responsive records and (2) properly applied redactions consistent with statutory FOIA exemptions.

Dated: October 4, 2023                Respectfully submitted,

                                      **Jaime Esparza**
                                      United States Attorney

                            By:    */s/ Liane Noble*
                                   **David B. Goode**
                                   Assistant United States Attorney
                                   State Bar No. 24106014
                                   **Liane Noble**
                                   Assistant United States Attorney
                                   State Bar No.24079059
                                   United States Attorney's Office
                                   903 San Jacinto Blvd., Suite 334
                                   Austin, Texas 78701
                                   (512) 916-5850 (phone)
                                   (512) 916-5854 (fax)
                                   david.goode@usdoj.gov
                                   liane.noble@uddoj.gov

                                   **Attorneys for Defendant**
                                   **U.S. Department of State**